IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
NOV 14 2017
Clerk, U.S District Court
District Of Montana
Great Falls

UNITED STATES OF AMERICA,

Plaintiff,

vs.

STEPHAN DUANE KOROL-LOCKE,

Defendant.

CR 17-62-GF-BMM

MEMORANDUM
AND ORDER

Defendant Stephan Duane Korol-Locke (Korol-Locke) has moved to dismiss the Indictment for failure to state an essential element of the offense. The Government opposes the motion. The Court conducted a hearing on the motion on November 13, 2017.

## BACKGROUND

The Indictment charges Korol-Locke with Attempted Coercion and Enticement in violation of 18 U.S.C. § 2422(b). Section 2422(b) provides in pertinent part as follows:

> "Whoever, using . . . any . . . means of interstate commerce . . . knowingly persuades, induces, entices or coerces any individual who has not attained the age of 18 years, to engage in . . . *any sexual activity for which any person can be charged with a criminal offense*, or attempts to do so [is guilty of Coercion and Enticement]."

(emphasis added).

The Indictment tracks the language of the statute, but fails to identify the specific criminal offense, if any, the grand jury found that Korol-Locke may have violated based upon his alleged conduct. The Indictment provides as follows:

> "That on or about June 23, 2017, at Great Falls, in the State and District of Montana, the defendant, STEPHAN DUANE KOROL-LOCKE, using any facility and means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, and committed a substantial step toward completing said sexual activity, in violation of 18 U.S.C. § 2422(b)."

(Doc. 1 at 1-2).

Korol-Locke argues that the Government's failure to identify the specific offense that he could have been charged with makes the Indictment defective. Korol-Locke argues that the Indictment must describe the specific offense so it is clear that he is being "tried for the same offense that was considered by the grand jury." (Doc. 30 at 6). The Government argues that Korol-Locke's motion to dismiss should be denied because "the specific state crime [that Korol-Locke] could have been charged with is not an element of the offense." (Doc. 37 at 4).

## DISCUSSION

An Indictment must meet the requirements of the Federal Rules of Criminal

2

Procedure and the Due Process Clause. Rule 7(c) of the Federal Rules of Criminal Procedure requires that an Indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The Due Process Clause requires that the Indictment set forth the elements of the charged offense in adequate detail to inform the defendant of the charge and enable the defendant to plead double jeopardy. *See United States v. Huping Zhou*, 678 F.3d 1110, 1113 (9th Cir. 2012).

An Indictment is generally sufficient if it sets forth "the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Ninth Circuit has stated repeatedly that the elements of a § 2422(b) offense are as follows:

> "[T]he government [must] prove that [the defendant], using a means of interstate commerce, 'knowingly (1) attempted to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense."

*United States v. Tello*, 600 F.3d 1161, 1164 (9th Cir. 2010) (quoting *United States v. Goetzke*, 494 F.3d 1231, 1234-35 (9th Cir. 2007); *see also United States v.*

*Meek*, 366 F.3d 705, 718 (9th Cir. 2004). The Ninth Circuit has not held, in any reported decision, that the state crime that the defendant could have been charged with represents an element of a § 2422(b) offense.

The Indictment alleges that Korol-Locke, using interstate commerce, did "knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense." (Doc. 1 at 1-2). The Indictment tracks the statutory language, recites the elements of a § 2422(b) offense, and sufficiently places Korol-Locke on notice of the charge against him in order to prepare his defense.

Even if the Indictment as drafted had been inadequate, Korol-Locke has not suffered any unfair prejudice. The Government has provided Korol-Locke with ample notice of the state offense with which he could have been charged. The Government's response brief filed on November 1, 2017, informed Korol-Locke that the underlying state offense was "sexual intercourse without consent" in violation of Mont. Code Ann. § 45-5-503(1) & (3)(a). Section 503 criminalizes sexual intercourse where the "victim is less than 16 years old and the offender is 4 or more years older than the victim." The Government has also provided Korol-Locke with excerpts from the grand jury transcript. (Doc. 48). The excerpts

4

reveal that the sexual intercourse referenced in the Indictment was oral and vaginal sex with a minor under the age of 16. (Doc. 48 at 2-3).

Accordingly, IT IS ORDERED:

Defendant's Motion to Dismiss Indictment for Failure to State an Element of the Offense (Doc. 29) is DENIED.

DATED this 14th day of November, 2017.

Brian Morris
United States District Court Judge