**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-17-62-GF-BMM-JTJ** |
| Plaintiff, | |
| vs. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| STEPHAN DUANE KOROL-LOCKE, | |
| Defendant. | |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on October 17, 2018. (Doc. 157). Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a hearing on a violation of a condition of probation on October 17, 2018. The United States alleged that Defendant Korol-Locke violated the conditions of his probation by the use of a facility of interstate commerce in aid of a racketeering enterprise. (Doc. 91). Korol-Locke admitted to the violation. (Doc. 94). The violation proves serious.

Judge Johnston has recommended Korol-Locke remain on probation but that the Court should impose a sanction. (Doc. 157 at 3). Judge Johnston recommends Korol-Locke's probation should be amended to include the following two additional conditions: (1) Korol-Locke should be subject to home detention for a period of 90-days; and (2) Korol-Locke should be required to perform 120 hours of community service while on probation. (*Id.*).

The Court finds no clear error in Judge Johnston's Findings and Recommendations. Korol-Locke's violation represents a serious breach of the Court's trust. This amendment of Korol-Locke's probation is sufficient, but not greater than necessary.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 157) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that the terms of Defendant Stephan Duane Korol-Locke's probation are amended to include the following two new conditions:

1. The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of 90 days. The defendant shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the Court and the United States Probation Office. This form of location monitoring

technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of probation: The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved in writing by the United States Probation Office.

2. The defendant shall complete 120 hours of community service work, at a rate of not less than 40 hours per month as directed by the United States Probation Office.

DATED this 6th day of November, 2018.


Brian Morris
United States District Court Judge